UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ELIZABETH SMITH,          )
                          )
        Plaintiff         )
                          )    2:19-cv-00310-GZS
v.                        )
                          )
ROBERT P. SMITH, et al.,  )
                          )
        Defendants        )

**RECOMMENDED DECISION AFTER
REVIEW OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint in which she asserts an "appeal" that is apparently related to a dispute with some of her family members regarding certain real property. (Complaint, ECF No. 1.) Plaintiff also filed a document entitled "emergency motion to stay," in which motion she asks the Court to enjoin Defendant Robert Smith from taking possession of the real property and other personal property. (Motion, ECF No. 2.)

With her submissions, Plaintiff filed an application to proceed in forma pauperis (ECF No. 5), which application the Court granted. (ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

After review of Plaintiff's filings, I recommend the Court dismiss the matter.

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss

the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

# DISCUSSION

Plaintiff's filings reveal that she seeks review of a state court action involving a dispute with family members over certain property.[1] In fact, Plaintiff entitled this action as an "appeal." (Complaint at 1.) As I explained in two recommended decisions in a related case Plaintiff filed, the Court does not have jurisdiction over Plaintiff's claim:

> Federal district courts do not have jurisdiction to act as an appellate court to review the rulings of state courts. The only federal court with such authority is the United States Supreme Court. *Silva v. Massachusetts*, 351 F. App'x 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments'") (quoting *Lance v. Dennis,* 546 U.S. 459, 463 (2006) (per curiam)); *see also Lance,* 546 U.S. at 460 ("The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced'") (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005)).
>
> In *McKenna v. Curtin*, 869 F.3d 44 (1st Cir. 2017), the First Circuit reiterated the scope and significance of the *Rooker-Feldman* doctrine, and its reasoning is instructive in this case. The First Circuit, relying on the *Rooker-Feldman* doctrine, affirmed the dismissal of the plaintiff's claim that the proceedings that resulted in a state court order suspending him from the practice of law violated his rights under the First, Seventh, and Fourteenth Amendments to the United States Constitution. The First Circuit reasoned that because the plaintiff complained of harm arising from a state court order, and asked the federal district court "to countermand that order," his claim was "precisely the 'functional equivalent of an appeal' that the *Rooker-Feldman* doctrine forbids." *Id.* at 48 (quoting *Badillo-Santiago*, 378 F.3d at 6). The First Circuit also concluded that the plaintiff's claims did not constitute a challenge on behalf of the public for declaratory relief regarding the constitutionality of state court proceedings, because "*all* of the allegations in his complaint concern the constitutionality of the rules *as applied to him*." *Id.* (emphasis in original).

---

[1] Plaintiff recently filed two other actions in which she made the same or similar allegations. *See Smith v. State of Maine*, 2:19-cv-00222-GZS and *Smith v. Maine Court System*, No. 2:18-cv-202-GZS. I take judicial notice of the dockets in the other cases, which are public records within the meaning of Fed. R. Civ. P. 12(b)(6) and Fed. R. Evid. 201. *See In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 & n.2 (1st Cir. 1999) (explaining that a court may take judicial notice of its own docket).

Plaintiff's claim similarly is the "functional equivalent of an appeal." (*Smith v. State of Maine*, 2:19-cv-00222-GZS, Recommended Decision at 2-3, ECF No. 18, Recommended Decision at 3 – 4, ECF No. 23.)

Plaintiff's claim is essentially an appeal from a state court decision. Plaintiff, therefore, has not asserted an actionable claim within this Court's subject matter jurisdiction. Accordingly, Plaintiff's claim should be dismissed.[2]

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's filings in accordance with 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss this matter.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of July, 2019.

---

[2] If the Court adopts the recommendation, Plaintiff's "emergency motion to stay" would be moot.